UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES KIMO KIND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-2382 (UNA) |
| | ) | |
| KATERYNA KEI KIND, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of James Kimo Kind's application to proceed *in forma pauperis* (ECF No. 2), his "Motion for Relief from Judgment Under Rule 60(d)(3), construed as a civil complaint (ECF No. 1, "Compl."), and assorted motions and notices (ECF Nos. 3-9, 11, 13). The Court GRANTS the application, DISMISSES the complaint and this civil action without prejudice, and DENIES the motions (ECF Nos. 5, 8, 9, 11, 13) without prejudice as moot.

Kind and defendant, who reside in Hawai'i, are the parents of a minor son. While Child Protective Services "failed to act," Compl. at 5 (page numbers designated by CM/ECF), on Kind's complaints of defendant's "pattern of abuse . . . [posing] escalating danger to" their son, *id*., allegedly false accusations that Kind engaged in "severe sexual misconduct against his wife and . . . infant son," *id*., and abused opioids and alcohol, *id*., "were used to poison judicial proceedings and unlawfully strip [Kind] of his rights," *id*., to custody of and visitation with his son, *see id*. at 8. Kind alleges that "fraud on the court" occurred, *id*. at 7, in part through "[t]he deliberate withholding of a key witness," *id*., and the absence of "any written reports, forensic evidence, or documentation to substantiate the claims" against him, *id*. at 8.

1

In this action, Kind demands "[i]mmediate vacatur of any custody, visitation, or protective orders entered or sustained based on fabricated allegations by CPS and Defendant," *id*. at 9, among other relief, *see* Emer. Mot. (ECF No. 5) at 5, to include an award of full legal and physical custody of Kind's son and minor daughter, *see* Notice (ECF No. 7) at 4. In addition, now that the United States District Court for the District of Hawai'i has dismissed a case Kind filed there, Kind asks this Court not only to strike that court's July 23, 2025, ruling, *see* Emer. Mot. to Strike (ECF No. 3) at 3, but also to review all of its "prior rulings, judgments, or administrative actions," *see* Notice of Fed. Supersession (ECF No. 4) at 3, which Kind deems "tainted by fraud, ADA retaliation, and judicial misconduct," *id*.; *see* Emer. Mot. (ECF No. 5) at 2.[1]

In essence, Kind asks this Court to relieve him of judgments and orders against him issued by both State and federal courts in Hawai'i. This Court lacks jurisdiction to do so. Federal district courts generally lack jurisdiction to review or interfere with judicial decisions of state courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)), and other federal courts, *see Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Applicable, too, is the "domestic relations exception," pursuant to which "a federal court will not take jurisdiction over a case if that would require it to grant a divorce, determine alimony or support obligations, or resolve parental conflicts over the custody of their children." *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (citations

---

[1] The Hawai'i case was dismissed. *See Kind v. State of Hawai'i*, No. 1:25-cv-0108 (D. Haw. Apr. 29, 2025) (dismissing amended complaint and closing case) (ECF No. 35), *aff'd*, No. 25-2839(9th Cir. July 15, 2025). By Minute Order on July 23, 2025, the court struck Kind's Motion for Relief from Judgment Under Rule 60(d)(3) and, alternatively, denied the motion as moot.

omitted); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  Matters regarding the interests of Kind's children fall "within the peculiar province, experience, and competence of the state courts."  *Bennett*, 682 F.2d at 1039.

Because the Court lacks subject-matter jurisdiction over Kind's claims, the complaint and this civil action must be dismissed, and his pending motions will be dismissed without prejudice as moot.  An Order is issued separately.

/s/
TIMOTHY J. KELLY
United States District Judge

DATE: July 31, 2025